

**CT Corporation**
Service of Process Notification
01/27/2023
CT Log Number 543110635

## Service of Process Transmittal Summary

**TO:** CATHY SCHUDA, Director Assistant
Target Corporation
1000 NICOLLET MALL, MS: TPS-3155
MINNEAPOLIS, MN 55403-2542

**RE:** Process Served in Illinois

**FOR:** Target Corporation  (Domestic State: MN)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ROB-ANN STEIN // To: Target Corporation |
| **CASE #:** | 22LA617 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 01/27/2023 at 16:00 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/27/2023, Expected Purge Date: 02/01/2023 |
| | Image SOP |
| | Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
208 South LaSalle Street
Suite 814
Chicago, IL 60604
877-564-7529
MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1

**EXHIBIT C**



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Jan 27, 2023
**Server Name:** Sheriff Drop

| Entity Served | Target Corporation |
|---|---|
| Case Number | 22LA617 |
| Jurisdiction | IL |

| Inserts | |
|---|---|
| | |



EXHIBIT C

**IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT**
**LAKE COUNTY, ILLINOIS**

ROB-ANN STEIN, )
) Plaintiff(s)
vs. )
)
TARGET CORPORATION, )
) Case No: 22 LA 617
)
) Defendant(s)

## ALIAS SUMMONS

**To each defendant**: Please serve Defendant through its RA: CT Corp. System, 208 S. LaSalle St., Ste. 814, Chicago, IL

You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp or talk with the Lake County Circuit Clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask the circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. for information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask the circuit clerk's office for a fee waiver application.

To the officer:
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

171-138 Rev 09/20

**EXHIBIT C**

This summons may not be served later than 30 days after its date.

01/16/23

WITNESS _____

*[Seal of the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois]*

*Erin Cartwright Weinstein* (signature)
ERIN CARTWRIGHT WEINSTEIN,
Clerk of Court          MB

**Prepared by:**
Name: John R. Steigauf/Gibson Steigauf            Pro Se ☐
Address: 415 W. Washington St., Suite 103
City: Waukegan                State: IL
Phone: (847) 263-5100         Zip Code: 60085
ARDC #: 6300948
Fax: (847) 360-9100
E-mail address: office@gibsonsteigauf.com

(If service by facsimile transmission will be accepted, the telephone number of the plaintiff or plaintiff's attorney's facsimile machine is additionally required.)

Date of Service _____, 20____ (to be inserted by officer on copy left with defendant or other person).

171-138 Rev 09/20

**EXHIBIT C**

SHERIFF'S FEES

( Service and return ............................................. $ _____
(
( Miles_____ ............................................. $ _____
(
( Total.................................................................. $ _____

_____
Sheriff of _____ County

I certify that I served this summons on defendants as follows:
(a)-(Individual defendants – personal):
(The officer or other person making service, shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant).

_____
_____
_____
_____

(b)-(Individual defendants – abode):
By leaving a copy of the complaint at the usual place of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons. (The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person, other than the defendant, with whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day when the summons was left with such person).

_____
_____
_____

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Mailing Address | Date of mailing |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(c)-(Corporate defendants):
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Defendant corporation Service | Registered agent, officer or agent | Date of |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d)-(Other service):
_____
_____
_____

_____ Sheriff of _____ County
By: _____
(Deputy)

171-138 Rev 09/20

**EXHIBIT C**

FILED
11/17/2022 10:55 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

| | |
|---|---|
| ROB-ANN STEIN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 22LA00000617 |
| TARGET CORPORATION, a Minnesota Corporation, individually and d/b/a SUPER TARGET, | ) ) ) ) ) |
| Defendants. | ) |

### SUPREME COURT RULE 222(b) ATTORNEY'S AFFIDAVIT

I, John R. Steigauf, am Plaintiff's counsel, and state that to the best of my knowledge and belief that there is a good faith basis to confirm that the damages in this case do exceed $50,000.00.

By: /s/John R. Steigauf
One of the Attorneys for Plaintiff

GIBSON STEIGAUF
Attorneys for Plaintiff
415 W. Washington St., Suite 103
Waukegan, Illinois 60085
T: (847) 263-5100
F: (847) 360-9100
E: office@gibsonsteigauf.com
Attorney No. 6300948

EXHIBIT C

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

FILED
11/17/2022 10:55 AM
ERIN CARTWRIGHT WEINSTEIN
Clerk of the Circuit Court
Lake County, Illinois

| ROB-ANN STEIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 22LA00000617 |
| TARGET CORPORATION, a Minnesota Corporation, individually and d/b/a SUPER TARGET, | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

### Count I – Negligence

Plaintiff, ROB-ANN STEIN, by GIBSON STEIGAUF, complains of Defendant, TARGET CORPORATION, a Minnesota corporation, individually, and d/b/a SUPER TARGET, stating:

1. On and before December 13, 2020, Defendant, TARGET CORPORATION, individually, and d/b/a SUPER TARGET (hereinafter "TARGET") was a Minnesota corporation licensed to do business in the State of Illinois.

2. On and before December 13, 2020, Defendant, TARGET owned, operated, managed and maintained multiple retail stores throughout Illinois commonly known as "Target" and/or "Super Target".

**NOTICE**
**PURSUANT TO LCR - 2-2.14**
THIS CASE IS HEREBY SET FOR AN INITIAL CASE MANAGEMENT CONFERENCE IN COURTROOM C-303 ON 2-21-23 AT 9:00 A.M./P.M.
FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

EXHIBIT C

3. On and before December 13, 2020, Defendant, TARGET owned, operated, managed and maintained a Super Target retail store (Store No: 0833) and said STORE's adjoining vehicle parking lot located at 313 E. Townline Road, Vernon Hills, Illinois (hereinafter the "STORE").

4. On December 13, 2020, at approximately 6:00 p.m. said STORE was open for business which included inviting the public to physically come onto said premises to shop and purchase various retail items.

5. On and before December 13, 2020, said STORE had two front entrance/exits including a west entrance/exit under the word "Grocery" and an east entrance/exit east located east of the "Super Target" logo sign.

6. On and before December 13, 2020, E. Philip Road was an "access road" running in an east and westbound direction directly in front of and to the north of said STORE.

7. On and before December 13, 2020, a large portion of the STORE's vehicle parking lot was located north of E. Philip Road in front of said STORE.

8. On and before December 13, 2020, Defendant, TARGET by and through its employees and/or agents, was responsible for maintaining its parking lot.

9. On and before December 13, 2020, Defendant, TARGET, by and through its employees and/or agents, was responsible for removing ice and "black ice" from its parking lot.

10. On and before December 13, 2020, Defendant, TARGET by and through its employees and/or agents, was responsible for salting its parking lot.

EXHIBIT C

11. On and before December 13, 2020, Defendant, TARGET, by and through its employees and/or agents, was responsible for applying some other type of ice removing chemical agent to its parking lot to remove ice and "black ice".

12. On and before December 13, 2020, Defendant, TARGET, by and through its agents and employees was responsible for providing a safe ingress and egress for customers walking from the parking lot into said STORE and for customers exiting said STORE walking into the parking lot.

13. Alternatively, on and before December 13, 2020, Defendant, TARGET contracted with a company to maintain its parking lot.

14. Alternatively, on and before December 13, 2020, Defendant, TARGET contracted with a snow removal company to remove ice and "black ice" from its parking lot.

15. Alternatively, on and before December 13, 2020, Defendant, TARGET contracted with a snow removal company to salt its parking lot.

16. Alternatively, on and before December 13, 2020, Defendant, TARGET contracted with a snow removal company to apply some other type of ice removing chemical agent to its parking lot.

17. On and before December 13, 2020, Defendant, TARGET had written policies and procedures requiring TARGET employees and/or agents to inspect its parking lot on a daily systematic schedule to examine the physical condition of the asphalt parking lot surface including, but not limited to, accumulations of ice or "black ice".

EXHIBIT C

18. Alternatively, on and before December 13, 2020, Defendant, TARGET had verbal policies and procedures requiring TARGET employees and/or agents to inspect its parking lot on a daily systematic schedule to examine the physical condition of the asphalt parking lot surface including, but not limited to, accumulations of ice or "black ice".

19. On and before December 13, 2020, Defendant, TARGET had written policies and procedures requiring TARGET employees and/or agents to maintain its parking lot on a daily systematic schedule to prevent accumulations of ice or "black ice" forming in said parking lot.

20. Alternatively, on and before December 13, 2020, Defendant, TARGET had verbal policies and procedures requiring TARGET employees and/or agents to maintain its parking lot on a daily systematic schedule to prevent accumulations of ice or "black ice" forming in said parking lot

21. On and before December 13, 2020, Defendant, TARGET had written policies and procedures requiring TARGET employees and/or agents to salt and/or apply other ice removing chemical agents to its parking lot.

22. Alternatively, on and before December 13, 2020, Defendant, TARGET had verbal policies and/or procedures requiring TARGET employees and/or agents to salt and/or apply other ice removing chemical agents to the parking lot.

23. On and before December 13, 2020, Defendant, TARGET had written policies and procedures requiring TARGET employees and/or agents to provide safe ingress and safe egress to customers entering and exiting said STORE.

EXHIBIT C

24. Alternatively, on and before December 13, 2020, Defendant, TARGET had verbal policies and procedures requiring TARGET employees and/or agents to provide safe ingress and safe egress to customers entering and exiting said STORE.

25. On and before December 13, 2020, Defendant, TARGET had written policies and procedures requiring TARGET employees and/or agents to warn customers of ice and/or "black ice" existing in its parking lot.

26. Alternatively, on and before December 13, 2020, Defendant, TARGET had verbal policies and procedures requiring TARGET employees and/or agents to warn customers of ice and/or "black ice" existing in its parking lot.

27. On and before December 13, 2020, Defendant, TARGET by and through its agents and/or employees, had actual knowledge of ice and/or "black ice" existing on the asphalt surface of its parking lot where customers, including the Plaintiff, walked to enter and exit said STORE.

28. On Sunday December 13, 2020, Plaintiff, ROB-ANN STEIN and her daughter, Courtney Stein, drove to said STORE to Christmas shop.

29. At that time and place, Plaintiff, ROB-ANN STEIN and Courtney Stein arrived at said STORE between 5:00 and 5:30 p.m.

30. At that time and place, Defendant, TARGET was open for business.

31. At that time place, Plaintiff, ROB-ANN STEIN and Courtney Stein parked their car in one of one of the designated marked customer parking spaces in Defendant's parking lot in front of said STORE.

32. At that time and place, Plaintiff, ROB-ANN STEIN and Courtney Stein got out of their car and walked in a southbound direction and entered said STORE.

EXHIBIT C

33. At that time and place, Plaintiff, ROB-ANN STEIN and Courtney Stein remained in said STORE for approximately 30 minutes.

34. At that time and place, Plaintiff, ROB-ANN STEIN and Courtney Stein walked out of said STORE intending to walk to their car that they had parked in a designated parking space in TARGET's parking lot in front of said STORE.

35. At that time and place, there was no construction in said STORE's parking lot.

36. At that time, and place, it was not snowing.

37. At that time and place, there was no snow accumulation on the asphalt parking lot surface.

38. At that time and place, it was dark outside.

39. At that time and place, Plaintiff, ROB-ANN STEIN was wearing tennis shoes with rubber soles.

40. At that time and place, sometime before Plaintiff, ROB-ANN STEIN and Courtney Stein exited said STORE, Defendant TARGET, by and through its employees and/or agents, placed multiple orange cones around a portion of its parking lot where ice and "black" ice had formed.

41. At that time and place, Plaintiff, ROB-ANN STEIN and Courtney Stein walked out of said STORE into the parking lot.

42. At that time and place, Plaintiff, ROB-ANN STEIN was injured after she slipped and fell in the STORE's parking lot.

43. At that time and place, the cause of Plaintiff's fall was "black ice".

EXHIBIT C

44. At that time and place, before Plaintiff, ROB-ANN STEIN was injured, there was no salt or other ice removing chemical agents on the asphalt parking lot surface in the area where she fell.

45. At that time and place, Defendant, TARGET, by and through its employees and/or agents, had actual knowledge of the existence of "black ice" in its parking lot but failed to remove the ice.

46. At that time and place, Defendant, TARGET, by and through its employees and/or agents, had actual knowledge of the existence of "black ice" in its parking lot but failed to give notice and/or warn customers, including the Plaintiff of the ice.

47. At that time and place, Defendant, TARGET, by and through its employees and/or agents, had actual knowledge of the existence of "black ice" in its parking lot but failed to barricade or cordon off the area where "black ice" existed.

48. At that time and place, immediately after Plaintiff, ROB-ANN STEIN was injured, two TARGET employees and/or agents came into the parking lot and saw "black ice" in the parking lot in the area where Plaintiff fell and was injured.

49. At that time and place, one of the Defendant, TARGET employees and/or agents said to the other TARGET employee and/or agent, "There is ice here. Go get ice melt."

50. At that time and place, after Plaintiff, ROB-ANN STEIN was injured, a Vernon Hills Police Officer who was called to the scene and arrived in the parking lot saw "black ice" in the parking lot in the area where Plaintiff fell and was injured.

EXHIBIT C

51. At that time and place, after Plaintiff, ROB-ANN STEIN was injured, the Vernon Hills Police Officer also immediately told one of the TARGET employees and/or agents to salt the parking lot area where Plaintiff fell and was injured.

52. At that time and place, after Plaintiff, ROB-ANN STEIN was injured, one of Defendant, TARGET employees and/or agents salted or applied other chemical ice removing agents to the parking lot asphalt surface where Plaintiff fell and was injured.

53. At that time and place, Defendant, TARGET by and through its employees and/or agents, was negligent in one or more of the following aspects:

    a. Failed to provide a safe walkway for customers, including the Plaintiff; to walk from said STORE into the parking lot;

    b. Allowed "black ice" to form in its parking lot;

    c. Failed to salt its parking lot where customers, including the Plaintiff, were required to walk;

    d. Failed to remove the "black ice" in its parking lot where customers, including the Plaintiff, were required to walk

    e. Failed to apply other chemical ice removing agents to its parking lot to remove the "black ice" were customers, including the Plaintiff, were required to walk;

    f. Failed to timely inspect its parking lot for "black ice";

    g. Improperly inspected its parking lot for "black ice";

    h. Failed to warn customers, including the Plaintiff, of the "black ice" in its parking lot when it knew that "black ice" and/or ice existed;

    i. Failed to comply with its own policies and procedures in performing ice removal;

    j. Failed to comply with its own policies and procedures to provide safe ingress and egress for customers entering and exiting said store;

    k. Failed to comply with its own policies and procedures to warn customers of a dangerous condition on the premises;

EXHIBIT C

    l. Failed to timely notify the proper personnel to salt or apply other chemical ice removing agents to remove the "black ice" in its parking lot; and

    m. Failed to provide warning signs, barricades, cones, caution tape, or other warning signs around the "black ice" in the parking lot to warn customers, including the Plaintiff, of the dangerous condition.

54. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, the Plaintiff, ROB-ANN STEIN, sustained injuries and losses including right arm fracture and dislocated right shoulder, all of which are permanent and which have and will in the future cause her great pain and suffering and which have and will in the future cause her to become permanently disfigured and disabled and which have and will in the future cause her to lose income and earnings and other gains which she otherwise would have made and which have and will in the future cause her to become liable for medical expenses.

WHEREFORE, Plaintiff, ROB-ANN STEIN, respectfully requests judgment against the Defendant, TARGET CORPORATION, a Minnesota Corporation individually and d/b/a SUPER TARGET in an amount in excess of Fifty Thousand Dollars ($50,000.00) in the Law Division of the Circuit Court of Lake County, Illinois, plus costs.

### Count II - Premises Liability

Plaintiff, ROB-ANN STEIN, by GIBSON STEIGAUF, complains of the Defendant, TARGET CORPORATION, a Minnesota corporation, individually and d/b/a SUPER TARGET stating:

1-52. Plaintiff hereby incorporates Paragraphs One through Fifty-Two (1-52) of Count I as Paragraphs One through Fifty-Two (1-52) of this Count II, as if each were fully set forth herein.

EXHIBIT C

53. On and before December 13, 2020, and at all times relevant, there was in full force and effect the Illinois statute commonly known as the Illinois Premises Liability Act (740 ILCS 130/1).

54. At that time and place, Defendant, TARGET by and through its employees and/or agents, was liable pursuant to the Illinois Premises Liability Act in one or more of the following aspects:

   a. Failed to provide a safe walkway for customers, including the Plaintiff; to walk from said STORE into the parking lot;

   b. Allowed "black ice" to form in its parking lot;

   c. Failed to salt its parking lot where customers, including the Plaintiff, were required to walk;

   d. Failed to remove the "black ice" in its parking lot where customers, including the Plaintiff, were required to walk

   e. Failed to apply other chemical ice removing agents to its parking lot to remove the "black ice" were customers, including the Plaintiff, were required to walk;

   f. Failed to timely inspect its parking lot for "black ice";

   g. Improperly inspected its parking lot for "black ice";

   h. Failed to warn customers, including the Plaintiff, of the "black ice" in its parking lot when it knew that "black ice" and/or ice existed;

   i. Failed to comply with its own policies and procedures in performing ice removal;

   j. Failed to comply with its own policies and procedures to provide safe ingress and egress for customers entering and exiting said store;

   k. Failed to comply with its own policies and procedures to warn customers of a dangerous condition on the premises;

   l. Failed to timely notify the proper personnel to salt or apply other chemical ice removing agents to remove the "black ice" in its parking lot; and

EXHIBIT C

  m. Failed to provide warning signs, barricades, cones, caution tape, or other warning signs around the "black ice" in the parking lot to warn customers, including the Plaintiff, of the dangerous condition.

55. As a direct and proximate result of one or more of the aforesaid acts or omissions by the Defendant, and in violation of the Premises Liability Act, the Plaintiff, ROB-ANN STEIN, sustained injuries and losses, including right arm fracture and dislocated right shoulder, all of which are permanent and which have and will in the future cause her great pain and suffering and which have and will in the future cause her to become permanently disfigured and disabled and which have and will in the future cause her to lose income and earnings and other gains which she otherwise would have made and which have and will in the future cause her to become liable for medical expenses.

WHEREFORE, Plaintiff, ROB-ANN STEIN, respectfully requests judgment against the Defendant, TARGET CORPORATION, a Minnesota corporation, individually and d/b/a SUPER TARGET in an amount in excess of Fifty Thousand Dollars ($50,000.00) in the Law Division of the Circuit Court of Lake County, Illinois, plus costs.

### Count III – Voluntary Undertaking

Plaintiff, ROB-ANN STEIN, by GIBSON STEIGAUF, complains of the Defendant, TARGET CORPORATION, a Minnesota corporation, individually and d/b/a SUPER TARGET stating:

1-52. Plaintiff hereby incorporates Paragraphs One through Fifty-Two (1-52) of Count I as Paragraphs One through Fifty-Two (1–52) of this Count III, as if each were fully set forth herein.

EXHIBIT C

53. On and before December 13, 2020, before Plaintiff, ROB-ANN STEIN and Courtney Stein arrived at said STORE, Defendant by and through its employees and/or agents, had voluntarily undertaken the duty and system of maintaining its parking lot which includes but is not limited to providing a safe ingress and egress for customers and entering and exiting said STORE, maintaining its parking lot, spreading salt and/or other chemical ice removing agents on its parking lot asphalt surface and warning customers when a dangerous condition exists on the premises.

54. At that time and place, Defendant, TARGET by and through its employees and/or agents was negligent in one or more of the following respects:

   a. Failed to provide a safe walkway for customers, including the Plaintiff; to walk from said STORE into the parking lot;

   b. Allowed "black ice" to form in its parking lot;

   c. Failed to salt its parking lot where customers, including the Plaintiff, were required to walk;

   d. Failed to remove the "black ice" in its parking lot where customers, including the Plaintiff, were required to walk

   e. Failed to apply other chemical ice removing agents to its parking lot to remove the "black ice" were customers, including the Plaintiff, were required to walk;

   f. Failed to timely inspect its parking lot for "black ice";

   g. Improperly inspected its parking lot for "black ice";

   h. Failed to warn customers, including the Plaintiff, of the "black ice" in its parking lot when it knew that "black ice" and/or ice existed;

   i. Failed to comply with its own policies and procedures in performing ice removal;

   j. Failed to comply with its own policies and procedures to provide safe ingress and egress for customers entering and exiting said store;

12

EXHIBIT C

k. Failed to comply with its own policies and procedures to warn customers of a dangerous condition on the premises;

l. Failed to timely notify the proper personnel to salt or apply other chemical ice removing agents to remove the "black ice" in its parking lot; and

m. Failed to provide warning signs, barricades, cones, caution tape, or other warning signs around the "black ice" in the parking lot to warn customers, including the Plaintiff, of the dangerous condition.

55. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions by the Defendant, the Plaintiff, ROB-ANN STEIN, sustained injuries and losses, including right arm fracture and dislocated right shoulder, all of which are permanent and which have and will in the future cause her great pain and suffering and which have and will in the future cause her to become permanently disfigured and disabled and which have and will in the future cause her to lose income and earnings and other gains which she otherwise would have made and which have and will in the future cause her to become liable for medical expenses.

WHEREFORE, Plaintiff, ROB-ANN STEIN, respectfully requests judgment against the Defendant, TARGET CORPORATION, a Minnesota corporation, individually and d/b/a SUPER TARGET in an amount in excess of Fifty Thousand Dollars ($50,000.00) in the Law Division of the Circuit Court of Lake County, Illinois, plus costs.

Respectfully submitted,

By: /s/John R. Steigauf
     One of the Attorneys for Plaintiff

GIBSON STEIGAUF
Attorneys for Plaintiff
415 W. Washington St., Suite 103
Waukegan, IL 60085
T: (847) 263-5100
F: (847) 360-9100
E: office@gibsonsteigauf.com
Attorney No.: 6300948

13

EXHIBIT C